Albert E. and Barbara Bennett v. Commissioner.
Bennett v. Commissioner
Docket No. 38342.
United States Tax Court
1953 Tax Ct. Memo LEXIS 292; 12 T.C.M. (CCH) 401; T.C.M. (RIA) 53126; April 16, 1953
Eugene J. Steiner, Esq., 90 State Street, Albany, N.Y., and John P. Ryan, Jr., Esq., for the petitioners. George E. Grimball, Jr., Esq., for the respondent. MURDOCK Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax of $443.38 for 1948 and $405.64 for 1949. The only issue for decision is whether living expenses of Albert in Albany, where his work was, are deductible as travel expense. Findings of Fact The petitioners, husband and wife, filed joint returns for 1948 and 1949 with the collector of internal revenue for the Twenty-first District of New York. The petitioner since 1938 has been employed by various contractors as a superintendent of construction. He was employed for about a *293 year in 1938 and from September 15, 1939 to June 14, 1940 by F. D. Rich Company at Stamford, Connecticut; from June 16, 1940 to September 15, 1940 by H. K. Ferguson Company at Camden, New Jersey; from October 1, 1940 to March 1, 1942 at Camden by Prince Concrete Company; from March 1, 1942 to September 1, 1943 at Philadelphia by F. E. Warren Company; from November 1, 1943 to August 1, 1945 at Camden by Midland Construction Company; from September 1, 1945 to November 23, 1945 at Rutland, Massachusetts, by F. D. Rich Company; from March 1, 1946 to April 15, 1947 at Syracuse, New York, by H. K. Ferguson Company; from May 28, 1947 to February 15, 1948, March 15, 1948 to February 8, 1949, March 1, 1949 to February 8, 1950, March 8, 1950 to August 23, 1950, and March 31, 1952 to the date of the hearing, all by James King & Son, Inc., at Albany, New York, on alterations and repairs to the State Capitol; and August 24, 1950 to March 28, 1951 at Elmira, New York, by F. D. Rich Company. The employments after August 23, 1950 were as project manager. The petitioner's family consisted of himself and his wife. He and his wife began to reside in Syracuse, New York, in about May 1946. He bought *294 a house there a month or two later and his wife occupied it as the family residence continuously from that time until June 1, 1950. The petitioner tried unsuccessfully to get additional employment in Syracuse before accepting the job in Albany. The petitioner and his wife took up their new residence in June 1950 in a home which he purchased in Albany. The Syracuse property was offered for sale at some time in 1949 and was sold in November 1950. The petitioner and his wife were still living in the Albany property at the time of the hearing. The only compensation for personal services received by the petitioner during the taxable years was $8,044 for 1948 and $8,320 for 1949, received from James King & Son, Inc., for services performed in Albany, New York, on the State Capitol. That employer obtained a series of contracts for altering and repairing the State Capitol at Albany, most of which covered somewhat less than a year. It had no assurance when it received one contract in the series that it would receive any additional contract. The state could terminate a contract at any time. The New York Legislature meets usually during the first week in March and the sessions usually last *295 about five weeks. No actual work was done on the Capitol while the legislature was in session. The employment of the petitioner under each state contract continued for some time after the actual construction work under the contract was finished. James King & Son, Inc., had no contract with the petitioner. It could have discharged him at any time. It did not pay the petitioner between jobs. A reasonable assumption would have been that James King & Son, Inc., would continue to hire the petitioner if he was available as long as the work on the Capitol at Albany continued and his work proved satisfactory. The petitioner, while employed during the taxable years, had to be available twenty-four hours a day in connection with his employment, and had to be in Albany from early each Monday morning until 4:30 the following Friday afternoon. He occupied rented lodgings in Albany during each taxable year, the total cost of which was $576 for 1948 and $564 for 1949. He ate numerous meals in Albany, the total cost of which during each of the taxable years was $1,410. His wife did not reside in Albany during the taxable years but continued to reside in the family residence at Syracuse where the *296 petitioner usually visited her over weekends, using his automobile to drive back and forth. His usual schedule was to have an early dinner in Albany on Friday afternoon, drive to Syracuse, and return to Albany in time for dinner Sunday evening. The petitioner had been receiving weekly wages of $137.50 just before going to Albany for the first time. He realized that he would have additional expenses if he worked in Albany and continued to live in Syracuse so he asked James King & Son, Inc., for $175. The latter also realized that the petitioner would have additional expenses because he would be required to live in Albany and for that reason was willing to pay him more than it would have paid had he been residing in Albany. The state refused to approve more than $160 and that was the starting salary fixed. The petitioner, during periods when he was not employed by James King & Son, Inc., took vacations and sometimes investigated the possibilities of obtaining employment from some other employer. The petitioner on his return for 1948 claimed a deduction of $2,332.60 which he explained as "Allowance for car used in business - traveling expense while away from home - including board *297 & room, repairs on car & license for car - Depreciation on car." He claimed a similar deduction of $2,068.04 for 1949, The Commissioner, in determining the deficiencies, disallowed those deductions in their entireties and explained that "the location of Albany, New York was your post of duty during 1948 [and 1949] and living expenses incurred at such location, or other commuting expenses connected therewith, are not deductible under the provisions of the Internal Revenue Code." Opinion MURDOCK, Judge: The only amounts for which the petitioner is now claiming deductions for travel expense under section 23 (a) (1) are those which it is agreed he spent for board and lodging in Albany during each year. His employment in Albany was indefinite in duration, rather than obviously temporary, in that its termination within a short period could not be foreseen, as was the situation in and . The job did not require any travel and the expenditures "stem from the petitioner's refusal to bring his home close to his job." . The decisions are against the petitioner. *298 ; , certiorari denied ; ; ; ; ; ; . Decision will be entered for the respondent.